J-S53019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARRY A. EVERETT, | |
| Appellant | No. 3 WDA 2014 |

Appeal from the PCRA Order of December 14, 2013
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000489-2003

BEFORE:  DONOHUE, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 10, 2014**

Appellant, Barry A. Everett, appeals *pro se* from the order entered on December 14, 2013, dismissing his fifth petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We have previously explained the underlying facts of this case:

> The trial court originally sentenced [Appellant] to time served to two years of imprisonment less one day, plus probation, on August 10, 2004, after he [pleaded] guilty to [burglary.  Appellant] was paroled to a shelter in Punxsutawney and, the next day, [Appellant] received permission from the probation office to travel to Cleveland, Ohio until September 17, 2004 for work.  [Appellant] traveled to Cleveland, but then violated his probation by traveling to Washington State, where he was arrested for, and subsequently [pleaded] guilty to, two counts of destruction of private property.  [Appellant] was returned to Pennsylvania so that the trial court could assess his probation status.  On December 15, 2004, the trial court held a *Gagnon I* hearing, finding sufficient evidence to proceed to a *Gagnon II* hearing, which was conducted on

*Retired Senior Judge assigned to the Superior Court.

December 22, 2004. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The [trial] court found [Appellant] in violation of the terms of his probation[] and [re-sentenced Appellant] to [ten] to 20 years [in prison for the underlying burglary conviction].

*Commonwealth v. Everett*, 87 A.3d 379 (Pa. Super. 2013) (unpublished memorandum) at 1-2.

Appellant filed a direct appeal from his judgment of sentence. We affirmed Appellant's judgment of sentence on April 25, 2006 and Appellant did not thereafter file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Everett*, 902 A.2d 975 (Pa. Super. 2006) (unpublished memorandum).

Appellant filed his first PCRA petition on July 13, 2006. The PCRA court dismissed this PCRA petition on April 30, 2007 and Appellant did not file a notice of appeal from the PCRA court's April 30, 2007 order.

On April 29, 2008, Appellant filed his second PCRA petition, which the PCRA court dismissed on July 21, 2008. Following the dismissal of Appellant's second PCRA petition, Appellant filed a timely notice of appeal to this Court. On February 19, 2010, we affirmed the PCRA court's order and, on January 24, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Everett*, 996 A.2d 6 (Pa. Super. 2010) (unpublished memorandum) at 1-7, *appeal denied*, 16 A.3d 502 (Pa. 2011).

On August 10, 2011, Appellant filed a third PCRA petition. The PCRA court dismissed this petition on September 7, 2011 and we affirmed the

PCRA court's order on March 29, 2012. *Commonwealth v. Everett*, 47 A.3d 1259 (Pa. Super. 2012) (unpublished memorandum) at 1-10.

Appellant filed his fourth PCRA petition on July 23, 2012. The PCRA court dismissed the fourth PCRA petition on September 4, 2012; we affirmed the dismissal on September 10, 2013. Commonwealth v. Everett, 87 A.3d 379 (Pa. Super. 2013) (unpublished memorandum) at 1-5.

On October 22, 2013, Appellant filed a "letter motion" with the PCRA court, claiming that "a witness did exist that could prove that [Appellant] was innocent of the crime of burglary." Appellant's Letter Motion, 10/22/13, at 1-3. The PCRA court treated Appellant's filing as a fifth PCRA petition and, on November 18, 2013, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a timely notice of appeal and now raises a number of claims on appeal. However, we do not have jurisdiction over this patently untimely, serial PCRA petition.

We have stated:

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on May 26, 2006 – which was 31 days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until May 26, 2007, to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until October 22, 2013, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims to invoke the "after-discovered facts" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[;]
>
> . . .

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Thus, to properly invoke this exception, the petitioner is statutorily required to file his petition "within 60 days of the date the claim could have been presented." *Id.* As our Supreme Court has explained, to satisfy this "60-day requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "60-day requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Appellant claims that his fifth PCRA petition is timely, as it was not until "recently" that he first learned of "a witness [who] exist[s] that could prove that [Appellant] was innocent of the crime of burglary." Appellant's Letter Motion, 10/22/13, at 1-3. Notably, Appellant has failed to plead the date upon which he first learned of this alleged witness. As such, Appellant has failed to plead the statutory element, which demands that Appellant plead and prove that he filed his PCRA petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Therefore, Appellant has failed to plead a valid exception to the PCRA's one-year time-bar.

Appellant's petition is thus time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). We affirm the PCRA court's order dismissing Appellant's fifth PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014